Mr. Scott Knox Brevard County Attorney 2725 Judge Fran Jamieson Way Viera, Florida 32940
Dear Mr. Knox:
On behalf of the Brevard County Commission, you ask substantially the following question:
May the county loan monies to a special district for the construction of a water and sewer system to serve the special district and the neighboring unincorporated area of the county?
In sum:
A county, upon making the appropriate legislative finding that an expenditure serves a county purpose, may loan monies to a special district for the construction of a water and sewer system serving the special district and the neighboring unincorporated area of the county.
You state that the Titusville-Cocoa Airport Authority (TiCo) is a special district created by special act. TiCo wishes to expand its water and sewer facilities to spur economic development at the airport's facilities and the neighboring unincorporated area of Brevard County. At present, TiCo does not possess adequate resources to construct a water and sewer system sufficient to attract the desired economic development and wishes to borrow funds from the county in order to finance the project.
Section 125.01(1), Florida Statutes, gives counties the power to enact ordinances in order to conduct county government "[t]o the extent not inconsistent with general or special law[.]"[1]
Moreover, counties are authorized to "borrow and expend money" for county purposes.[2] The determination of whether a certain action fulfills a county purpose, however, is one that must be made by the governing board of the county.[3]
Article VII, section 10, Florida Constitution, prohibits the state or a county, municipality, special district or any agency thereof from lending or using its taxing power or credit to aid any private corporation, association, partnership or person. The purpose of this provision is "to protect public funds and resources from being exploited in assisting or promoting private ventures when the public would be at most only incidentally benefited."[4]
Thus, whether the constitutional prohibitions contained in ArticleVII, section 10, Florida Constitution, apply is dependent in part on whether a valid public purpose is involved. The determination of what constitutes a valid public purpose for the expenditure of public funds is one that must be made by the legislative body of the governmental entity. In this instance, it is the board of county commissioners, acting in its legislative capacity, that must make the determination that a loan of money to TiCo for a water and sewer system serves a valid county purpose.
In Attorney General Opinion 85-96, this office was asked whether a county could loan county funds to a city and the city's community redevelopment agency for a project undertaken under Florida's Community Redevelopment Act of 1969.[5] Finding that the Legislature, by passage of the act, had determined that community redevelopment serves a public purpose for which public funds may be spent, this office concluded that the county was authorized to loan properly appropriated county funds to a city and a redevelopment agency to aid in community development.
Section 125.01(1)(k)1., Florida Statutes, authorizes a county to "[p]rovide and regulate waste and sewage collection and disposal, water and alternative water supplies. . . ." This legislative authorization evidences that the provision of water and sewage services serves a public purpose. Coupled with the governing body's determination that the loan of county funds to TiCo for such services fulfills a county purpose, it would appear that the county may loan county funds to the special district for the construction of a water and sewer system.[6]
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] See also, Art. VIII, s. 1(f), Fla. Const., providing:
"Counties not operating under county charters shall have such power of self-government as is provided by general or special law. The board of county commissioners of a county not operating under a charter may enact, in a manner prescribed by general law, county ordinances not inconsistent with general or special law, but an ordinance in conflict with a municipal ordinance shall not be effective within the municipality to the extent of such conflict."
[2] Section 125.01(1)(r), Fla. Stat.
[3] See, Op. Att'y Gen. Fla. 94-22 (1994); 89-84 (1989) (county must make appropriate legislative determinations as to the purpose of a project and the benefits accruing to the county).
[4] Bannon v. Port of Palm Beach District, 246 So.2d 737, 741
(Fla. 1971).
[5] Part III, Ch. 163, Fla. Stat.
[6] Cf., Op. Att'y Gen. Fla. 94-22 (1994) (county may loan funds to municipal service benefit unit upon finding that projects serve a county purpose or a dual county and special district purpose).